# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA K. ALI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ASURA INSURANCE SERVICES,<br><br>　　　　　Defendants. | **Case No. 1:16-cv-000706-AWI-EPG**<br><br>**ORDER REQUIRING PLAINTIFF TO FILL OUT A COMPLETED MOTION TO PROCEED *IN FORMA PAUPERIS* APPLICATION OR PAY THE $400.00 FILING FEE IN FULL**<br><br>(ECF No. 2) |

　　　　Plaintiff is proceeding *pro se* in this civil action. (ECF No. 1.) On May 20, 2016, Plaintiff submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, however, she did not submit a completed form. (ECF No. 2.) Specifically, Plaintiff did not sign the form under penalty of perjury, as the form instructs. The Court is not able to consider the application until the form is completed. Local Rule 131(b). Therefore, if Plaintiff wishes to proceed *in forma pauperis*, she shall file a completed application no later than **June 30, 2016**. In the alternative, Plaintiff may pay the $400.00 filing fee **by that same date**.

　　　　In determining whether to file a completed form or pay the filing fee, the Court advises Plaintiff that a cursory review of the Complaint suggests that this Court may not have jurisdiction over her case. (ECF No. 1) Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those

1

cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

Plaintiff is advised that "a case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Here, the complaint does not appear contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. The federal statutes cited by the Plaintiff likewise do not appear to provide an actionable claim. *United States v. W.H. Kistler Stationery Co.*, 200 F.2d 805, 806 (10th Cir. 1952) (cause of action under Title 41 of the United States Code "belong[s] to the government alone").

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "*citizens* of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that *no* defendant have the same citizenship as any plaintiff." 28 U.S.C. § 1332 (a) (emphasis added); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*. (quoting *Smith v. McCullough*, 270 U.S. 456 (1926)).

Plaintiff is citizen of California and it appears that Defendant is a California corporation. Since both parties are citizens of California, it appears that diversity jurisdiction does not exist at this stage the proceeding.

Plaintiff is advised that the Court is not making a formal ruling regarding whether jurisdiction is proper.  Instead, it is providing this information to Plaintiff to assist in her decision on whether to pay the filing fee in this action.  Plaintiff is also advised that if she wishes to pursue his case, the Court will formally screen Plaintiff's case and allow her the opportunity to amend the pleading if the Court determines the pleading is deficient.

Accordingly, IT IS HEREBY ORDERED that:

The Clerk shall attach an application to proceed *in forma pauperis* to this Order. **No later than June 30, 2016**, Plaintiff shall submit the attached application fully completed and signed, or in the alternative, pay the $400.00 filing fee.  Finally, if Plaintiff decides she no longer wishes to pursue this action, she shall file a Notice of Voluntary Dismissal by **June 30, 2016**.

No requests for extension will be granted without a showing of good cause.  Failure to timely comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **May 27, 2016**                      /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE