**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARIMA K. ALI,<br><br>                Plaintiff,<br><br>       vs.<br><br>ASURA INSURANCE SERVICES,<br><br>                Defendants. | **Case No. 1:16-cv-000706-AWI-EPG**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT AND MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>OBJECTIONS DUE WITHIN FIFTEEN (15) DAYS<br><br>(ECF No. 1) |

**I.    INTRODUCTION**

Plaintiff Karima K. Ali ("Plaintiff"), appearing *pro se*, filed a Complaint on May 20, 2016.  (ECF No. 1.)  The Complaint alleges a breach of contract by Asura Insurance Services. *Id.*  Plaintiff alleges that she "originally filed this complaint in the Superior Court of Fresno" and is filing the current complaint to "try[ ] to mov[e] the process forward" because Fresno County Superior Court has not made sufficient progress in bringing her case to resolution. Plaintiff also seeks to proceed *in forma pauperis* in this action.  The Court has screened the Complaint and Motion to Proceed *In Forma Pauperis* and makes its recommendations herein, namely, that Plaintiff's Motion be denied and the Complaint be dismissed.

1

## II.   APPLICATION TO PROCEED IN FORMA PAUPERIS

As a general rule, all parties instituting any civil action, suit, or proceeding in a district court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Ninth Circuit has held that "permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process."  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).  The Court has broad discretion to grant or deny a motion to proceed *in forma pauperis*.  *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (a "district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").  Because, as explained below, Plaintiff's Complaint is frivolous and without merit, the application to proceed *in forma pauperis* is denied.

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed.  *Id.*  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## IV.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she initially filed this Complaint in Fresno County Superior Court on April 3, 2012 and that the case is currently pending in that court.[1]  She alleges that she entered into a contract with Defendant to market health care plans but was apparently not paid commissions that she believes she was entitled to receive.  Based on this conduct, she asserts causes of action for fraud, breach of contract, conversion, negligence, "fraud and deceit by intentional conversion," violation of California Business and Professions Code § 17200, "loss of opportunity," and defamation.

## V.   DISCUSSION

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction.  Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  To proceed in federal court, a plaintiff's pleading must establish the

---

[1] The docket for Plaintiff's Fresno County Superior Court case indicates that Defendant recently filed a motion to initiate contempt proceedings and request sanctions against Plaintiff. Shortly thereafter, Plaintiff filed the current Complaint and asked the state court to stay its proceedings until the federal case is resolved.

existence of subject matter jurisdiction.  Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

Plaintiff is advised that "a case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id*.

Here, the complaint does not appear contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States.  Plaintiff cites to 41 U.S.C. § 6503 and 25 U.S.C. § 3116 in the introduction to her Complaint, but neither appears to apply to Plaintiff's claims.  The first applies only to contracts "made by an agency of United States for the manufacture or furnishing of materials, supplies, articles, or equipment."  41 U.S.C. § 6502; *United States v. W.H. Kistler Stationery Co.*, 200 F.2d 805, 806 (10th Cir. 1952) (cause of action under Title 41 of the United States Code "belong[s] to the government alone"); *U.S. v. Lovknit Mfg. Co.*, 189 F.2d 454, 457 (5th Cir. 1951) ("no one may sue for a breach of these contracts in any respect except the United States through the Attorney General.").  Similarly, the second refers only to contracts entered into by the government for "forest land management activities on Indian forest land."  25 U.S.C. §§ 3104(b), 3116(a).  There is thus no basis for federal question jurisdiction in any of Plaintiff's claims.

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  28 U.S.C. § 1332.  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff."  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*,

559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a).  "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*., *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

Plaintiff is citizen of California and Defendant is a California corporation.  (Complaint at 2 ("Asurea Insurance Services is a California Corporation and conduct Business [sic] in the city of Sacramento."), ECF No. 1.)  Both parties are citizens of California and diversity jurisdiction thus does not exist.  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")

Dismissal of a *pro se* complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Remedial amendments would require Plaintiff to plead new facts that are completely contradictory to the facts the Complaint already alleges.  Dismissal without leave to amend is thus appropriate.

## VI.   RECOMMENDATION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, the Court RECOMMENDS that the Application to Proceed *In Forma Pauperis* be DENIED and the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **June 24, 2016**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE